Van Vorst, J.
J.—It is of the first importance that the trustee of an insolvent, under an assignment for the benefit of creditors, should be open and candid with the creditors, whose claims are provided for in the instrument, and afford them every reasonable means and opportunity for examining into the affairs of the assignor.
I think the defendant’s conduct in regard to the books, and his refusal to allow an examination of them by the creditors, is not such as to inspire confidence in his friendliness to creditors.
The defendant’s statement in regard to dealings with the assignors before the assignment, especially in respect to a large amount of property transferred to him by the insolvents, and by him re-transferred to *410 them, about the time of the assignment, and which was omitted from the schedules when first filed, is open to unfavorable comment.
On his examination on the first November, on being asked whether the insolvent had transferred any property to him during the last year, he replied they had; that they owed him money—several hundred dollars—and that they gave him merchandise for it, and that they had transferred no other property to him.
Upon his further examination on November 8, he stated that they had transferred to him merchandise to secure a debt for money loaned to the amount of about twenty thousand dollars, during the year. That this debt was paid, and he had re-transferred the property to them, about the time of the assignment. He “ thinks ” he so transferred the same before the assignment.
This property was not inventoried in the schedules annexed to the assignment, and was not added thereto until after the defendant’s examination.
It may be said that this conduct affects chiefly the integrity of the assignors, as the duty of making this inventory to be annexed to the assignment would devolve upon them, and that its subsequent addition to the inventory corrects the prior omission, and will prevent loss from that direction.
But it is unfortunate with respect to a transaction justly calculated to excite suspicion, that it grew out of dealings with the defendant, with whom the property in question was yet stored when the assignment was made.
It may further give rise to the suggestion that there may be other property not inventoried by the assignors, and shows the reasonableness of the request for the examination of. the books, which has declined.
The trustee should not be one in any way ham- ' pered or compromised by the transactions with .the *411 assignors, or in such, a relation to them as will indispose him to act unreservedly in the interest of creditors.
The assignors were left in possession by the assignee. The refusal to the creditors to examine the books proceeded from one of them, after the assignee had himself stated that such examination could be had. The withdrawal of such consent leads to the conclusion that the assignors had inspired the refusal.
The assignee should not be under the influence of assignors, to the prejudice of the right of creditors.
It is true that the assignee states that when he learned that creditors objected, he superseded the assignors in their care of the assigned property.
But the fact that he left them in practical possession until such objection, shows a disposition to favor them.
I do not intend to decide at this time that the acts and omissions of the defendant absolutely justify his removal from his position as trustee.
This action is brought for his removal, and that subject has to be considered and decided after full hearing on the merits.
But the defendant is under injunction, and the assigned estate should be actively cared for.
It is important that some suitable person should have possession of the assigned estate, until the trial and disposition of the action.
And to this end I think a receiver should be appointed.